**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY, | : | |
| | : | |
| | : | Case No. 3:24-cv-292 |
| Plaintiff, | : | |
| | : | Judge Thomas M. Rose |
| v. | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| DONALD ALEXANDER GRONBECK, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING MOTION TO STRIKE INDIVIDUAL**
**DEFAULTING DEFENDANTS' ANSWER (DOC. NO. 81); SETTING ASIDE**
**THE CLERK'S ENTRY OF DEFAULT (DOC. NO. 70)**

---

Now before the Court is Plaintiff The Medical Protective Company's ("MedPro") Motion to Strike Individual Defaulting Defendants' Answer (the "Motion") (Doc. No. 81).  In short, MedPro brought this case seeking a declaration that it has no duty to defend or indemnify either Defendants Donald Alexander Gronbeck ("Gronbeck") or Yellow Springs Primary Care, Inc. ("Yellow Springs") for sexual assaults allegedly perpetrated by Gronbeck.  (*See* Doc. No. 57.) When Gronbeck's victims—Defendants Elizabeth Brewington, Maria Bright, Matthew Byington, Christy Combs, Dakota Joy, Denise Law, Lisa Marietta, Corey Messer, Nickie Nickels, Lydia Pritchard, Mileah Roper, Danyelle Everage, Michelle Fout, Erin Murphy, and Jessica Robbins (the "Victim Defendants")—failed to timely respond to MedPro's Amended Complaint for Declaratory Judgment (the "Amended Complaint") (Doc. No. 57), MedPro obtained a Clerk's Entry of Default (Doc. No. 70) as to the Victim Defendants.  Victim Defendants then filed Defendants' Answer to Plaintiff's Amended Complaint (the "Answer") (Doc. No. 77) on March 30, 2026.  On April 14,

1

2026, MedPro submitted the instant Motion, seeking to strike Victim Defendants' Answer for its tardiness and maintain the Victim Defendants' default.  MedPro's Motion has since been fully briefed and the matter is ripe for review and decision.

Broadly, MedPro moves to strike Victim Defendants' answer under Fed. R. Civ. P. 12(f) (Doc. No. 81 at PageID 2584), which states that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, Rule 12(f) is an inapt vehicle for MedPro's request, as "Rule 12(f) … by its clear text does not provide a vehicle to strike an untimely filed answer." *Oppenheimer v. City of Madeira, Ohio*, 336 F.R.D. 559, 564 (S.D. Ohio 2020) (quoting *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042, at *2 (S.D. Ohio Dec. 29, 2009)) (internal formatting omitted) (ellipses in original).

Instead, the Court interprets MedPro's Motion as a motion for default and construes Victim Defendants' Answer and responsive briefing as a motion to set aside the Entry of Default that has already been issued. *See United Coin Meter Co. v. Seaboard Coastline RR.*, 705 F.2d 839, 844 (6th Cir. 1983) ("However, an answer or other opposition to a motion for default may be treated as a motion to set aside entry of default") (citations omitted); *see also Oppenheimer*, 336 F.R.D. at 565 ("Although styled as a [m]otion to [s]trike, the substance of [p]laintiff's motion is that [defendant's] failure to file a timely response is a default, and his [m]otion to [s]trike is equivalent to a motion for entry of default") (internal formatting and citations omitted).  MedPro's current Motion seeks to strike Victim Defendants' Answer solely because the Answer was filed late and is, thus, best characterized as a motion for default.  (Doc. No. 81-2 at PageID 2591-92.)  By the same token, Victim Defendants' Answer and response in opposition to MedPro's Motion amount to a request to set aside the default entered against them.  Therefore, the Court considers MedPro's Motion here through the prism of whether to set aside the Victim Defendants' default.

2

To that end, the Court finds it best to vacate the Entry of Default as to Victim Defendants and permit them to proceed in this case on their Answer.  Generally, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Yet, "[t]he court may set aside an entry of default for good cause …."  Fed. R. Civ. P. 55(c).  When contemplating whether good cause exists to set aside an entry of default, courts must consider "'whether: (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'"  *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting *United Coin Meter Co.*, 705 F.2d at 844).  "All three factors must be considered in ruling on a motion to set aside entry of default."  *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986).

Any doubt regarding any of these three factors "should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits."  *United Coin Meter Co.*, 705 F.2d at 846 (citations and internal quotation marks omitted).  To be sure, the factors must be balanced against one another.  *Oppenheimer*, 336 F.R.D. at 565 (citing *Shepard*, 796 F.2d at 194).

Whether the plaintiff will suffer prejudice and whether the defaulting party has presented a meritorious defense are the most important considerations.  *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324-25 (6th Cir. 2010).  To establish prejudice based on delay, as is the argument at bar, "'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'"  *Dassault Systemes*, 663 F.3d at 842 (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).  Meanwhile, a party seeking relief from default may demonstrate a meritorious defense by presenting a defense that is "good at law."  *Dassault Systemes*, 663 F.3d at 843 (citations omitted).

3

Regarding a defaulting party's culpability, "'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" *$22,050.00 U.S. Currency*, 595 F.3d at 324 (quoting *Shepard*, 796 F.2d at 194). Nevertheless, "mere negligence or failure to act reasonably is not enough to sustain default." *$22,050.00 U.S. Currency*, 595 F.3d at 327. Rather, "for a defendant's actions to constitute culpable conduct, the 'defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings ….'" *Krowtoh II LLC v. ExCelsius Intern. Ltd.*, 330 F. App'x. 530, 536 (6th Cir. 2009) (quoting *Shepard*, 796 F.2d at 194).

In this instance, the Court finds the Victim Defendants to be culpable for their inaction up until now, but MedPro can demonstrate neither prejudice nor a lack of meritorious defenses by the Victim Defendants. Certainly, the Court tends to share MedPro's frustration insomuch as Victim Defendants essentially claim that they do not think they are proper parties to this litigation and they made a conscious choice not to respond to the Amended Complaint here until default was entered. (Doc. No. 85 at PageID 2679-80.) But, default judgment is ultimately the harshest sanction, which "deprives the client of his day in court, and should not be used as a vehicle for disciplining attorneys." *Shepard*, 796 F.2d at 195. This is all that would be accomplished by declining to set aside the Victim Defendants' default. In their Answer, Victim Defendants state a number of defenses that are good at law and which MedPro does not attempt to challenge. Moreover, the only prejudice to MedPro at play is that of delay. There has been no suggestion such delay will create the type of hurdles, going forward, that would justify maintaining Victim Defendants' default.

Thus, the Court **DENIES** MedPro's Motion to Strike Individual Defaulting Defendants' Answer (Doc. No. 81) and **SETS ASIDE** the Clerk's Entry of Default (Doc. No. 70) as to the

4

Victim Defendants.  The Clerk is **DIRECTED** to **VACATE** its Entry of Default (Doc. No. 70) accordingly.

  **DONE** and **ORDERED** in Dayton, Ohio, this Thursday, June 18, 2026.

             s/Thomas M. Rose

             THOMAS M. ROSE
           UNITED STATES DISTRICT JUDGE