**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DONALD ALEXANDER GRONBECK, *et al.*,<br><br>Defendants. | : | Case No. 3:24-cv-292<br><br>Judge Thomas M. Rose<br><br>Magistrate Judge Caroline H. Gentry |

**ENTRY AND ORDER GRANTING MOTION FOR STAY OF EFFECT OF DECLARATORY JUDGMENT AND TO WAIVE SUPERSEDEAS BOND (DOC. NO. 92); GRANTING, IN PART, AND DENYING, IN PART, MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL AND FOR STAY OF PROCEEDINGS (DOC. NO. 93)**

Now before the Court are Plaintiff The Medical Protective Company's ("MedPro") Motion for Stay of Effect of Declaratory Judgment and to Waive Supersedeas Bond ("Motion for Stay of Judgment") (Doc. No. 92), and Motion to Certify Order for Interlocutory Appeal and for Stay of Proceedings ("Motion to Certify") (Doc. No. 93) (together, the "Motions").

For the sake of brevity, the Court will not repeat the factual background of this case.[1] To synthesize, the Court previously issued a declaratory judgment partially disposing of this case, finding that MedPro has a duty to defend and conditional duty to indemnify Defendants Donald Alexander Gronbeck ("Gronbeck") and Yellow Springs Primary Care, Inc. ("Yellow Springs") in a series of underlying state court lawsuits brought against the two by Defendants Elizabeth Brewington, Maria Bright, Matthew Byington, Christy Combs, Dakota Joy, Denise Law, Lisa

[1] *See* Doc. No. 90 at PageID 2742-46.

Marietta, Corey Messer, Nicki Nickels, Lydia Pritchard, Mileah Roper, Jacqueline Louise Hobbs Danyelle everagem Michelle Fout, Erin Murphy, and Jessica Robbins (collectively, the "Victim Defendants"). (*See* Doc. No. 90). MedPro subsequently filed a Notice of Appeal (Doc. No. 91) with the Sixth Circuit and now asks the Court to certify its prior order for interlocutory appeal, after the fact. (Doc. No. 93 at PageID 2788.) MedPro also moves the Court to stay the effect of its prior order, to stay these proceedings generally until the pending appeal is resolved, and to waive any requirement that MedPro file a supersedeas bond pending appeal.

Beginning with certification, the Court finds itself to be without jurisdiction to decide MedPro's Motion to Certify. "Generally, when a party files a notice of appeal, the district court loses 'jurisdiction to act in [the] case, except on remedial matters unrelated to the merits of the appeal.'" *Taylor v. Stevens*, 146 F.4th 480, 483 (6th Cir. 2025) (quoting *Fort Gratiot Sanitary Landfill, Inc. v. Mich Dep't. of Nat. Res.*, 71 F.3d 1197, 1203 (6th Cir. 1995)) (alteration in original). Otherwise, the district court will only "retain[] jurisdiction to proceed with matters that are in aid of the appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003) (citing *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981)). Here, to rule on the merits of MedPro's Motion to Certify would likely require the Court to speak on the Court of Appeals' jurisdiction to hear MedPro's interlocutory appeal while that issue is currently pending before the Sixth Circuit. Such a ruling would unduly risk the alteration of this case on appeal. *See Cristini v. City of Warren*, No. 07-11141, 2013 WL 12180905, at *1(E.D. Mich. Jan. 3, 2013) ("[I]t is beyond dispute that granting the defendants' motion to certify an interlocutory appeal would alter the case on appeal …"). What is more, "[c]ertification under rule 54(b) in the district court after the notice of appeal has been filed" would not confer the Sixth Circuit with jurisdiction in the first instance. *Haskell v. Washington Twp.*, 891 F.2d 132, 133 (6th Cir. 1989) (citations

omitted). Therefore, the Court will **DENY** MedPro's Motion to Certify pursuant to Fed. R. Civ. P. 62.1(a)(2), to the extent that MedPro moves for certification of this case for interlocutory appeal.

However, the Court does think it best to stay these proceedings while MedPro's case is with the Sixth Circuit. The Court makes this decision as a matter of prudence and pursuant to its authority under Fed. R. Civ. P. 16. If MedPro prevails at the Court of Appeals, the remainder of the claims in this case could be rendered moot. Thus, the Court **GRANTS** MedPro's Motion to Certify, to the extent that MedPro seeks to stay these proceedings while its case lies with the Sixth Circuit.

Regarding MedPro's Motion for Stay of Judgment, the Court finds it best to stay the effect of its interlocutory ruling that MedPro must conditionally indemnify Gronbeck and Yellow Springs in the Victim Defendants' underlying lawsuits. When considering whether to stay a judgment pending appeal, courts must consider: "(1) whether the [movant] has a strong likelihood of success on the merits; (2) whether the [movant] will suffer irreparable harm if the district court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; (4) where the public interest lies." *Baker v. Adams Cnty./Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002) (citations omitted). On the first prong, MedPro is likely to succeed, at least insofar as MedPro contends that this Court's indemnity ruling was premature. *Erie Ins. Exch. v. Colony Dev. Corp.*, 736 N.E.2d 941, 946 (Ohio Ct. App. 1999) ("[O]nce a duty to defend is recognized, speculation about the insurer's ultimate obligation to indemnify is premature until facts excluding coverage are revealed during the defense of the litigation …") (citations omitted). Moreover, the Court finds MedPro's assertion of irreparable injury well founded. If MedPro is held to a premature ruling pending appeal, it could find itself on the hook in the Victim Defendants' underlying lawsuits for money it simply does not owe.

Gronbeck, Yellow Springs, and Victim Defendants will not be prejudiced by a stay of the Court's indemnity ruling here. MedPro is continuing to defend Gronbeck and Yellow Springs in the Victim Defendants' underlying lawsuits and, if MedPro is later found liable to indemnify either Gronbeck or Yellow Springs, it can simply furnish funds to Victim Defendants at that time, when the matter is ripe to begin with. Finally, the Court finds that the public interest here lies in the decision of ripe matters, rather than premature ones.

Additionally, the Court will waive any requirement that MedPro file a supersedeas bond pending appeal here. So long as MedPro continues to defend Gronbeck and Yellow Springs in the Victim Defendants' underlying lawsuits, that defense should serve as adequate security pending appeal. Accordingly, the Court **GRANTS** MedPro's Motion for Stay of Judgment.

In all the Court hereby **GRANTS** MedPro's Motion for Stay of Effect of Declaratory Judgment and to Waive Supersedeas Bond (Doc. No. 92), and **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, MedPro's Motion to Certify Order for Interlocutory Appeal and for Stay of Proceedings (Doc. No. 93), in accordance with the foregoing rationale.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 17, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE