**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DONALD ALEXANDER GRONBECK, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:24-cv-292<br><br>Judge Thomas M. Rose<br><br>Magistrate Judge Caroline H. Gentry |

---

**ENTRY AND ORDER DENYING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL (DOC. NO. 93)**

---

This matter is currently before the Court for consideration of Plaintiff The Medical Protective Company's ("MedPro") Motion to Certify Order for Interlocutory Appeal ("Motion") (Doc. No. 93). MedPro has moved for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of the Court's Entry and Order Granting, in Part, and Denying, in part, Motion for Judgment on the Pleadings as to Donald Alexander Gronbeck; Denying Motion for Default Judgment as to all Defaulting Defendants; and, Issuing Declaratory Judgment ("Order on Appeal") (Doc. No. 90). The Court previously denied MedPro's Motion for lack of jurisdiction, but the Sixth Circuit has since remanded this action for the limited purpose of ruling on MedPro's Motion in earnest. (*See* Doc. No. 101.)

Prior to MedPro taking an interlocutory appeal here, the Court interpreted professional services insurance policies issued to Defendants Donald Alexander Gronbeck ("Gronbeck") and Yellow Springs Primary Care, Inc. ("Yellow Springs") by MedPro (collectively, the "Policies"). (*See* Doc. No. 90.) In short, the Court found there that, pursuant to the Policies, MedPro has a

duty to defend and a conditional duty to indemnify Gronbeck and Yellow Springs in a series of lawsuits brought against the two by Gronbeck's former patients in the Greene County Court of Common Pleas. (*Id.*) Upon review of MedPro's Motion and the Court's Order on Appeal, the Court finds that, although it erred in some respects with its Order on Appeal, the most apt fix for those errors is not an immediate appeal to the Sixth Circuit. Therefore, the Court shall **DENY** MedPro's Motion.

## I. BACKGROUND

To synthesize, this case concerns MedPro's duties to defend and indemnify Gronbeck and Yellow Springs, pursuant to the Policies, in a series of state-court lawsuits brought against the two by Defendants Elizabeth Brewington, Maria Bright, Matthew Byington, Christy Combs, Dakota Joy, Denise Law, Lisa Marietta, Corey Messer, Nickie Nickels, Lydia Pritchard, Mileah Roper, Jacqueline Louise Hobbs, Danyelle Everage, Michelle Fout, Erin Murphy, and Jessica Robbins (collectively, the "Victim Defendants"). (*See* Doc. No. 57.) More specifically, Victim Defendants have brought lawsuits against Gronbeck and Yellow Springs, claiming that Gronbeck—formerly Dr. Gronbeck—sexually assaulted them when they were being treated at Yellow Springs. (*Id.* at PageID 1709-17.) With this action, MedPro, having issued the Policies at issue here, has sought to be relieved of any duties to defend or indemnify Gronbeck and Yellow Springs in those underlying lawsuits. (*Id.* at PageID 1723-25, 1729-31.)

In its Order on Appeal, the Court reviewed MedPro's claims and found that MedPro has both a duty to defend Gronbeck and Yellow Springs, and a conditional duty to indemnify Gronbeck and Yellow Springs, as public policy will allow. (Doc. No. 90 at PageID 2752-57.) Along these lines, the Court found that MedPro has a duty to defend Gronbeck and Yellow Springs because the Policies' definition of "professional services" arguably encompasses the allegations contained

in the Victim Defendants' underlying complaints in state court. (*Id.* at PageID 2752-56.) Otherwise, the Court found that MedPro would have a duty to indemnify Gronbeck and Yellow Springs if they were found liable on theories of negligence in the Victim Defendants' underlying lawsuits. (*Id.* at PageID 2756-57.) The Court's Order on Appeal was not dispositive of all MedPro's claims in this matter.

MedPro contends that it may immediately appeal the Court's Order on Appeal as a matter of right, but has filed the instant Motion seeking certification for interlocutory appeal "[o]ut of an abundance of caution." (Doc. No. 93-2 at PageID 2801.) In seeking certification of this case for interlocutory appeal, MedPro raises three challenges to the Court's Order on Appeal: first, MedPro claims that the Court misinterpreted the term "professional services," as that term is used in the Policies; second, MedPro takes issue with the Court's interpretation of exclusionary language contained in the Policies; and, third, MedPro argues that the Court's ruling on MedPro's duty to indemnify was premature as a matter of law. (*See id.* at PageID 2802-10.) MedPro's Motion has been fully briefed and, following the Sixth Circuit's limited remand, the Motion sits ripe for review and decision.

## II. ANALYSIS

As stated above, MedPro moves to certify the Court's Order on Appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides, in pertinent part, that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). In translation, a court considering whether to certify an order for interlocutory appeal

"must decide whether '(1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.'" *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) (quoting *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002)). The party seeking certification bears the burden of demonstrating such circumstances. *Id.* (citation omitted).

In any event, "interlocutory appeals are a disfavored tool, appropriate only where the quick resolution of a clean question of law could meaningfully speed up the litigation." *In re Flint Water Cases*, 627 F. Supp. 3d 734, 737 (E.D. Mich. 2022) (citing *United States v. MacDonald*, 435 U.S. 850, 853 (1978); *In re City of Memphis*, 293 F.3d at 350). By contrast, Section 1292(b) is not intended "to serve an error-correction function." *In re Energy Conversion Devices, Inc.*, 638 B.R. 81, 91-92 (E.D. Mich. 2022) (citing *Weber v. United States*, 484 F.3d 154, 159 (2d Cir. 2007)). In all, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d at 350 (citing *Kraus v. Bd. of Cnty. Rd. Comm'rs.*, 364 F.2d 919, 922 (6th Cir. 1966)). "[D]istrict courts have unfettered discretion to deny certification in light of the strong bias in federal practice against interlocutory appeals." *In re Energy Conversion Devices, Inc.*, 638 B.R. at 89 (citation and internal quotation marks omitted).

Here, MedPro has raised three questions of law which it argues satisfy Section 1292(b)'s criteria for certification. As highlighted above, MedPro claims that the Court misinterpreted the term, "professional services," in its Order on Appeal, that the Court's ruling concerning MedPro's duty to indemnify Gronbeck and Yellow Springs was premature as a matter of law, and that the Court misinterpreted exclusionary language contained in the Policies at issue. The Court addresses

the propriety of an interlocutory appeal on each of these proposed questions of law in like succession.

**a. <u>Interpretation of the Term "Professional Services"</u>**

As it relates to the definition of the term, "professional services," as used in the Policies, the Court finds that MedPro has not raised a controlling issue of law to justify an immediate appeal under 28 U.S.C. § 1292(b). On this front, MedPro argues that the Court's Order on Appeal defined the term, "professional services" to embrace the nature-of-services rendered, whereas the Court should have defined the term to embrace the nature-of-the-acts committed. (Doc. No. 93-2 at PageID 2802-03.) Under MedPro's preferred interpretation of the term, "professional services," MedPro would have no duty to defend either Gronbeck or Yellow Springs in the Victim Defendants' underlying suits because the nature-of-the-acts Gronbeck allegedly committed cannot be characterized as professional. (*Id.* at PageID 2803-05.)

In order to properly frame MedPro's proposed controlling question of law in this regard, the Court clarifies that its Order on Appeal used neither the nature-of-the-acts test nor the nature-of-the-services test to interpret the term, "professional services." Instead, the Court read the Policies and interpreted the term, "professional services," pursuant to the explicit definition provided for that term in the Policies themselves. (Doc. No. 90 at PageID 2743, 2752-56.) After cross-referencing the Policies' definition of the term, "professional services," with the Victim Defendants' underlying complaints, the Court found that the Victim Defendants' allegations arguably fell within that definition and, thus, a duty to defend was triggered. (*Id.*)

An issue of law presented for interlocutory appeal will be considered controlling where the issue's resolution "'could materially affect the outcome of the case.'" *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting *In re City of Memphis*, 293 F.3d at 351). Parties seeking interlocutory

review must present "a pure, controlling question of law," that would not require the appellate court "to delve beyond the surface of the record in order to determine facts." *DRFP, LLC*, 945 F. Supp. at 918 (citations and internal quotation marks omitted). In this vein, "controlling questions of law involve abstract legal issues, rather than merely issues that might be free from factual contest." *Sigma Fin. Corp. v. Am. Int'l. Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 724 (E.D. Mich. 2002) (citation omitted) (cleaned up).

Pertinent here, "[c]ontract interpretation is generally considered to be a question of law for the court," but this principle does not mean that matters of contract interpretation are controlling issues of law suitable for interlocutory appeal. *Id.* at 723. In *Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674 (7th Cir. 2000), the Seventh Circuit held "that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of [S]ection 1292(b) had in mind." *Ahrenholz*, 219 F.3d at 676 (citations omitted). The Seventh Circuit further explained that Section 1292(b)'s controlling question of law requirement is meant to "reference … a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* And, courts in this circuit having occasion to squarely address the issue have repeatedly adopted the Seventh Circuit's reasoning in *Ahrenholz* and have, consequently, denied certification of contract interpretation issues for immediate appeal. *Sigma Fin. Corp.*, 200 F. Supp. 2d at 723-24; *In re Energy Conversion Devices, Inc.*, 638 B.R. at 91; *Fed.-Mogul Corp. v. Ins. Co. of State of Pennsylvania*, No. 12-12005, 2015 WL 13037139, at *2 (E.D. Mich. Dec. 22, 2015); *Smart & Assocs., LLC v. Indep. Liquor (NZ) Ltd.*, No. 3:10-cv-614, 2017 WL 4969354, at *4 (W.D. Ky. Sept. 26, 2017); *Bailey v. Verso Corp*, No. 3:17-cv-332, 2019 WL 665354, at *1 (S.D. Ohio Feb. 15, 2019); *In re Cambrian Holding Co., Inc.*, No. 5:21-135-KKC, 2021 WL 4443326, at *2 (E.D. Ky. Sept. 28,

2021); *Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2025 WL 2233979, at *1 (E.D. Mich. Aug. 6, 2025).

In this instance, MedPro's issue of law surrounding the proper definition of the term, "professional services," amounts to an issue of contract interpretation and does not constitute a controlling question of law, as contemplated by 28 U.S.C § 1292(b). As previously stated, the term, "professional services," is defined in the Policies at issue here. Even if one were to disregard the Policies' express definition and adopt an abstract nature-of-the-acts test as a matter of law, review of the Court's Order on Appeal would still require the performance of basic contract interpretation. This is to say that the Policies would have to be reinterpreted with the nature-of-the-acts test in mind. Moreover, a court reviewing the Order on Appeal would have to apply its new definition of the term, "professional services," and the Policies' language to the allegations made by the Victim Defendants in their underlying complaints. Altogether, where MedPro challenges the Court's interpretation of the term, "professional services," the company calls for a reviewing court to wade into mixed questions of fact and law. Such questions are not suitable for interlocutory review and, therefore, the Court **DENIES** MedPro's Motion with respect to its first proposed controlling question of law.

**b. <u>Premature Indemnity Ruling</u>**

In petitioning for an immediate appeal of the Court's ruling that MedPro has a conditional duty to indemnify Gronbeck and Yellow Springs, MedPro satisfies two of 28 U.S.C. § 1292(b)'s criteria. The question of law posed in this regard is whether, once a duty to defend has been found, it is premature to declare an insurance company's duty to indemnify before actual liability is established. (Doc. No. 93-2 at PageID 2809-10.) This is an abstract question that the Sixth Circuit could resolve without having to interpret any contractual language or otherwise consider any facts.

Furthermore, there is substantial ground for disagreement with the Court's Order on Appeal on this question. An insurer's "duty to indemnify is triggered by the insured's actual legal liability." *Twin Maples Veterinary Hosp. v. Cincinnati Ins. Co.*, 824 N.E. 1027, 1030 (Ohio Ct. App. 2005) (citation and internal quotation marks omitted). Accordingly, "once a duty to defend is recognized, speculation about the insurer's ultimate obligation to indemnify is premature until facts excluding coverage are revealed …." *Erie Ins. Exchange v. Colony Dev. Corp.*, 736 N.E.2d 941, 946 (Ohio Ct. App. 1999) (citing *Motorists Mut. v. Trainor*, 294 N.E.2d 874 (Ohio 1973); *Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co.*, 638 N.E.2d 174 (Ohio Ct. App. 1994)). Upon review, and with humility, the Court acknowledges the error it made in finding that MedPro has a conditional duty to indemnify Gronbeck and Yellow Springs. The Court's indemnity ruling was premature. At the very least, the actual legal liability of Gronbeck and Yellow Springs was not conclusively established when the Court issued its Order on Appeal. Sufficed to say that there not only exists a substantial ground for difference of opinion with the Court's prior ruling in this respect, but MedPro is correct. Hence, the Court finds that MedPro meets 28 U.S.C. § 1292(b)'s first two requirements in seeking review of the Court's premature indemnity ruling here.

Still, MedPro has not demonstrated that an immediate appeal of the Court's premature indemnity ruling would actually materially advance the ultimate termination of this litigation. "'When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation.'" *In re City of Memphis*, 293 F.3d at 351 (quoting *White v. Nix*, 43 F.3d 374, 378-79 (8th Cir. 1994)). A legal question will not be construed to materially advance the ultimate termination of litigation simply because an immediate resolution of the question would alter the

litigation's path. *In re Somberg*, 31 F.4th 1006, 1009 (6th Cir. 2022). Instead, courts should consider whether an immediate review will accelerate the litigation's end. *Id.*

In this instance, an immediate appeal of the Court's premature indemnity ruling would do little, if anything, to accelerate this litigation's end. Surely enough, the Sixth Circuit would reverse the Court's Order on Appeal, finding that the Court's indemnity ruling was premature, and remand the case. But once remanded, the issue of whether MedPro owes Gronbeck and/or Yellow Springs a duty to indemnify would remain in limbo until their actual legal liability is established in the Victim Defendants' underlying lawsuits. If the Court would not be required to stay this case entirely following a remand, it would at least have to stay any final determinations regarding MedPro's duty to indemnify. Under the best of circumstances then, the Court would proceed with the remaining issues in this action, as it would have if MedPro did not take an immediate appeal. Under the worst of circumstances, the Sixth's Circuit's reversal here would require a wholesale pause on this litigation.

In the end, the Court certainly made a mistake with its indemnity ruling, but the most expeditious fix for that mistake does not lie in the Court of Appeals. Reconsideration would be preferable. An immediate appeal would only serve to draw this litigation out longer with appellate practice and it would render Section 1292(b) an error-correction tool. By contrast, the Court is eager to correct its error and could—and, if given the opportunity, would—swiftly do so. As such, the Court **DENIES** MedPro's Motion insofar as it seeks an immediate appeal of the Court's premature indemnity ruling.

**c. <u>Interpretation of Exclusionary Language in the Policies</u>**

MedPro's challenge regarding how to properly interpret exclusionary language in the Policies is unsuitable for interlocutory review, much the same as MedPro's first proposed

controlling question of law pertaining to the term, "professional services." By any metric, in seeking an immediate appeal related to the Policies' exclusionary language, MedPro asks the Court of Appeals to interpret that exclusionary language. This is, again, a mixed question of law and fact not aptly addressed by interlocutory appeal. Reconsideration may well be appropriate on this question of law, but the question posed by MedPro is not one that the Sixth Circuit can decide quickly and cleanly without having to dabble in the facts of this case. Accordingly, MedPro's Motion is **DENIED** insofar as MedPro seeks to immediately obtain the Sixth Circuit's input on the Policies' exclusionary language.

## III. CONCLUSION

For the reasons stated herein, the Court hereby **DENIES** MedPro's Motion to Certify Order for Interlocutory Appeal (Doc. No. 93). The Clerk is **DIRECTED** to return the record on appeal in this case to the Sixth Circuit for further consideration, as instructed (*See* Doc. No. 101 at PageID 2866).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, November 5, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE